**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT<br>30 North Gould Street<br>Suite 12848<br>Sheridan, WY 82801<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY<br>1500 Pennsylvania Avenue, NW<br>Washington, D.C. 20220<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 1:26-cv-2058<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT**

Plaintiff GOVERNMENT ACCOUNTABILITY & OVERSIGHT ("GAO"), for its Complaint[1] against Defendant UNITED STATES DEPARTMENT OF THE TREASURY ("Treasury" or "the Department"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* Plaintiff seeks declaratory, injunctive, and other statutorily-authorized relief, including the immediate processing and release of agency records responsive to two FOIA requests. In the requests at issue, Plaintiff is seeking specifically-described records pertaining to an instrumentality of the United States, the Federal Judicial Center Foundation.

---

[1] This Complaint is related to the matter pending as Government Accountability & Oversight v. U.S. Department of the Treasury, Case No. 1:26-cv-1811. It involves one of the same underlying FOIA requests. This Complaint is filed separately to the extent it covers the April 22, 2026 request in an abundance of caution to avoid the waste of judicial resources that would occur if Defendant argues that suit was filed prematurely. Pursuant to Local Civ. R. 40.5, Plaintiff believes the two cases are properly related.

1

2.      This suit follows Treasury's failure to comply with the express terms of FOIA, including but not limited to its failure to produce responsive information and to fulfill its obligation to make "determinations" as that term is defined in *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188 (D.C. Cir. 2013) ("*CREW v. FEC*").

3.      One of the two requests at issue in this matter seeks records covered by a request at issue in *Government Accountability & Oversight v. Treasury*, No. 1:26-cv-1811 (D.D.C.).

## PARTIES

4.      Government Accountability & Oversight ("GAO") is a nonprofit research, public policy, and public interest litigation center organized under the laws of Wyoming. GAO is dedicated to educating the public about responsible regulation and transparency in government. A key part of GAO's work is seeking public records illuminating how policymakers use public resources, and with whom. GAO also has publication and other media functions, all of which include broad dissemination of public information obtained under open records and freedom of information laws.

5.      Defendant United States Department of the Treasury ("Treasury" or "the Department") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). The Department has possession, custody, and control of records responsive to Plaintiff's FOIA requests. Its headquarters is located in the District of Columbia.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because the Defendant is a federal agency and this case is filed in the District of Columbia.

7. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because the Defendant is a federal agency headquartered in the District of Columbia, because records are likely held or processed in the District of Columbia, and because this suit is filed in the District of Columbia.

8. GAO is not required to further pursue administrative remedies before seeking relief in this Court because the Defendant has failed to make a timely "determination" as that term is defined in *CREW v. FEC*, 711 F.3d at 188, in response to the requests.

9. Under 5 U.S.C. § 552(a)(6)(C)(i), a FOIA requester "shall be deemed to have exhausted" its administrative remedies with respect to a request if the agency "fails to comply with the applicable time limit provisions" of FOIA. Because Treasury has not made a "determination" within the meaning of *CREW v. FEC*, Plaintiff has constructively exhausted its administrative remedies and may proceed directly to federal court. *See, e.g.*, *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020).

10. GAO filed a prophylactic administrative appeal on May 7, 2026 for the agency's failure to make a determination on GAO's first request at issue here, expressly noting that it was being submitted out of an abundance of caution without waiver of any rights, including the right to seek judicial review, the pendency of which appeal did not bar suit GAO filed as *Government Accountability & Oversight v. Treasury*, No. 1:26-cv-1811 (D.D.C.). *See Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 64 (D.C. Cir. 1990).

This action follows Treasury's denial of that prophylactic administrative appeal on June 9, 2026.

## BACKGROUND

11.    The Federal Judicial Center Foundation (the "Foundation") is an instrumentality of the U.S. Government. 26 U.S.C. § 501(c)(1); 28 U.S.C. § 629(f). It operates in tandem with the U.S. Government, as evidenced by numerous facts including, *inter alia*, that the Foundation's website is hosted on a .gov domain (https://www.fjc.gov/fjcfoundation/home.html), and the "contact us" tab for the Foundation points to a Federal Judicial Center employee's .gov email address (npayne@fjc.gov).[2]

12.    Under 28 U.S.C. § 629(a), the Foundation exists for the purpose of accepting and receiving gifts of property and services made for the purpose of aiding the work of the Federal Judicial Center. Under 28 U.S.C. § 629(d), "[g]ifts of money and proceeds from sales of other property received as gifts shall be deposited in a separate fund in the Treasury of the United States and disbursed on the order of the Director of the Center, in accordance with policies established by the Board of the Center." The Foundation's funds are thus held by Treasury in a dedicated account, and Treasury may disburse those funds *only* upon receiving an order[3] from the Director of the Federal Judicial Center.

---

[2] The Federal Judicial Center Foundation also maintains another website: www.fjcfoundation.org. According to the Internet Archive's Way Back Machine, that site has often redirected to the .gov address. That appears to have changed recently, perhaps even in response to media attention described more fully *infra*.

[3] On information and belief, orders to disburse funds are inherently written orders. Treasury does not disburse funds based upon oral directives only. Indeed, federal law prohibits Treasury from disbursing funds except upon a certified voucher. 31 U.S.C. §

13.    Those records would be responsive to the first request at issue here.

14.    This statutory arrangement necessarily generates records in Treasury's custody well beyond mere account balance summaries. Like any financial account maintained by the Bureau of the Fiscal Service, the records of the Foundation's account do not consist merely of periodic balance snapshots. Account records necessarily reflect each deposit and each withdrawal, including the date, amount, source of each inflow, and payee or purpose of each outflow. Transaction-level records are the building blocks from which balance reports are derived; the underlying records are *more* detailed, not less, than the summary figures Treasury referenced in its correspondence to Plaintiff.

15.    Those records would be responsive to the first request at issue here.

16.    Because disbursements from the Federal Judicial Center Foundation's account may be made only "on the order of the Director of the Center," 28 U.S.C. § 629(d), each disbursement necessarily requires a communication from the Federal Judicial Center to Treasury directing that payment be made. These communications constitute correspondence between Treasury and the Federal Judicial Center of precisely the type described in Category 4 of Plaintiff's request. Over the ten-year period covered by the request (January 1, 2015, to the present), Treasury's own response confirms that the account was active, with funds being received and disbursed. Treasury's Combined Statement data for the Federal Judicial Center Foundation's Trust Fund (Account 010-8123-000) shows a beginning balance of $132,458.25 and an ending balance of

---

3325(a)(1). Treasury's disbursing officials are personally liable for payments not supported by proper documentation. 31 U.S.C. § 3528(a). These statutory requirements, combined with the Foundation-specific requirement that funds be disbursed only "on the order of the Director," 28 U.S.C. § 629(d), confirm that written records necessarily exist for each disbursement from the Foundation's account.

$124,437.54 for fiscal year 2025 alone, with $8,020.71 in outlays in that single year. Over the ten-year period covered by the request, the account balance has declined from approximately $340,000 to approximately $124,000, reflecting substantial and ongoing disbursement activity.

17.    Each such disbursement required an order from the Director, generating correspondence and related records in Treasury's possession, which would be responsive to at minimum the first request at issue here.

18.    Further, 28 U.S.C. § 629(e) requires the Board of the Federal Judicial Center Foundation to submit annual reports to the Committees on the Judiciary of the Senate and House of Representatives "with respect to gifts received . . . including the source of each such gift, the amount of each gift of cash or cash equivalent, and a description of any other gift." The existence of this statutory reporting obligation confirms that the source and amount of each gift are tracked and recorded. Records reflecting this information would be responsive to Plaintiff's first request at issue here and are necessarily in Treasury's custody because Treasury maintains the fund into which all gifts are deposited. Moreover, the existence of internal policies and procedures governing the account (Category 5 of Plaintiff's request) is virtually certain given the statutory framework, which requires deposits, disbursements on order, and annual reporting.

19.    The Foundation is authorized to accept gifts to underwrite judicial education programs. Certain seminars funded through such arrangements, organized by and for the "climate" plaintiffs' bar to present their expert witnesses and historic filers of supportive amicus briefs to federal judges, have become the subject of national media attention and congressional oversight. On May 5, 2026, Fox News published an article reporting on GAO's FOIA first request at issue in this case and the Foundation's role in

channeling outside funding for judicial seminars. *See* Ashley Oliver, *Watchdog Probes Funding Trail Behind Climate Seminars for Judges*, Fox News (May 5, 2026).

## PLAINTIFF'S APRIL 22, 2026 FOIA REQUEST

20.    On April 22, 2026, Plaintiff GAO submitted through the FOIA.gov portal specifically created for the Bureau of the Fiscal Service a request seeking copies of several delineated classes of records, including electronic correspondence and non-email records such as financial records and memoranda, all pertaining to the Foundation.

21.    GAO's request covered five categories of records:

1. All statements of account, ledger entries, transaction records, and account balance reports for the separate fund maintained in the Treasury of the United States for the Foundation pursuant to 28 U.S.C. § 629(b)(3), from January 1, 2015 to the present.
2. All records of disbursements made from the Foundation's Treasury account, including but not limited to disbursement orders, payment vouchers, and supporting documentation reflecting the amounts, dates, payees, and purposes of each disbursement.
3. All records of deposits or receipts into the Foundation's Treasury account, including records of gifts of money or proceeds from the sale of property received as gifts, and any documentation identifying the source and amount of each deposit.
4. All correspondence between the Bureau of the Fiscal Service (or any other Treasury component) and the Federal Judicial Center, the Director of the Federal Judicial Center, or any member of the Board of the Federal Judicial Center Foundation concerning the Foundation's account.
5. Any internal memoranda, policies, procedures, or guidelines governing the maintenance of, deposits to, or disbursements from the Foundation's Treasury account.

22.    GAO requested waiver or reduction of fees on alternative bases of the public interest and its status as a media outlet. GAO noted that the Federal Judicial Center Foundation has become the subject of substantial public interest due to its involvement with the plaintiffs' bar, specifically, its role in seminars for judges presenting exclusively plaintiffs' expert witnesses and historic amicus-brief supporters.

## TREASURY'S RESPONSE

23.　On May 4, 2026, Defendant sent an email assigning the request Case Number 2026-FSF-00350 and stating, in pertinent part:

> "BFS conducted a search of its records and the information requested is published on the following website: https://fiscal.treasury.gov/accounting/combined-statement-ofreceipts/current#partthree. I have embedded a snippet of the activity from the Combined Statement for the FOIA request below. The Independent Agencies Chapter for this Trust Fund is in Part III of the Annual Combined Statement. [EXCERPTED IMAGE OMITTED]
> The following is the Treasury Account. The Treasury Account is reported in the Independent Chapter of the Combined Statement. [EXCERPTED IMAGE OMITTED]
> The following charts the activity and balances reported in the Treasury Combined Statement. [EXCERPTED IMAGE OMITTED]"

24.　Treasury's response was confined to directing Plaintiff to a public website containing the Combined Statement of Receipts, Outlays, and Balances of the United States Government, which reports aggregate annual figures for trust fund accounts. The Combined Statement data for the Foundation's account shows only annual beginning balances, receipts, outlays, and ending balances. It does not contain, and by its nature cannot contain, transaction-level records, disbursement orders, payment vouchers, deposit source documentation, correspondence, or internal memoranda and policies.

25.　Given Treasury's assertion that "the information requested is published on the following website," and Treasury's apparent failure to engage with the terms of Plaintiff's FOIA request seeking far different and more detailed records, on May 5, 2026, GAO requested of Treasury whether this constituted the totality of its response, inquiring, *inter alia*:

8

> Thank you for your correspondence. Preserving all rights to appeal administratively or otherwise pursue our rights, we seek some clarification...
>
> Is any information provided the totality of the Department's response... does this constitute a "no records" response to, e.g., item #4 in our FOIA request ("All correspondence between the Bureau of the Fiscal Service (or any other Treasury component) and the Federal Judicial Center, the Director of the Federal Judicial Center, or any member of the Board of the Federal Judicial Center Foundation concerning the Foundation's account.")?

26.    On May 6, 2026, Treasury replied, *in toto*, "Thank you for your inquiry. I will send your email to the appropriate program area so they can provide the clarification you requested." But Treasury has provided no further substantive reply (or further reply of any sort). Treasury has not clarified whether its response was final or tentative, nor provided any indication of whether additional records exist, or how many might exist.

27.    Defendant Treasury did not then or thereafter inform GAO of basic information, including but not limited to the approximate number of potentially responsive records Treasury was processing or expected to process, by approximately when Treasury expected to conclude its processing of the FOIA request, or any other information concerning the scope of potentially responsive records. Nor did Treasury state that it possessed "no records" in response to any of the classes of records not addressed by the referred materials from its website. Although Treasury's letter stated "the information requested is published on the following website" and informed GAO of its right to appeal, it failed on its face to address the totality of the Plaintiff's request.

28.    On May 7, 2026, GAO filed a prophylactic administrative appeal of Treasury's handling of the request, expressly without waiver of any rights, noting that this did not rise to the level of a response under FOIA. On May 12, 2026, Treasury

9

acknowledged receipt of the appeal, assigned it Reference Number 2026-FSA-00030, and stated that it was "currently processing it." On June 9, 2026, Treasury denied the administrative appeal.[4]

## TREASURY'S FAILURE TO MAKE A DETERMINATION

29. The FOIA provides that a requesting party is entitled to a substantive agency response to its request within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i).

30. Under the precedent of this Circuit, within the aforementioned statutory deadline,

> a 'determination' under Section 552(a)(6)(A)(i) must be more than just an initial statement that the agency will generally comply with a FOIA request and will produce non-exempt documents and claim exemptions in the future. Rather, in order to make a 'determination' and thereby trigger the administrative exhaustion requirement, the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse.

*CREW v. FEC*, 711 F.3d at 188.

31. Treasury's May 4, 2026, response does not constitute a "determination" within the meaning of *CREW v. FEC* for several independent reasons. First, to make a "determination," an agency must "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents." *Id.* Treasury's response did neither. It directed Plaintiff to a public website containing aggregate annual balance data, without addressing whether any other responsive records existed, whether any were being withheld, or on what basis.

---

[4] Plaintiff reserves the right to bring a subsequent claim related to Treasury's failure to properly determine the administrative appeal.

32.    Second, Treasury's response did not address the request as submitted. GAO's request called for Treasury to produce five specifically described categories of records. Treasury's response addressed, at most, a fragment of Category 1 (account balance reports), by providing publicly available annual summary data. It provided no response whatsoever to Category 2 (disbursement records), Category 3 (deposit records), Category 4 (correspondence between Treasury and the Federal Judicial Center), or Category 5 (internal memoranda and policies). An agency response that silently ignores most of the categories of records described in a FOIA request has not "determine[d] and communicate[d] the scope of the documents it intends to produce and withhold." *Id.* The FOIA requester, not the agency, is the "master" of its request. *See People for the Am. Way Found. v. DOJ*, 451 F. Supp. 2d 6, 12 (D.D.C. 2006). The agency may not substitute its own preferred version of the request for the one actually submitted.

33.    Third, even as to the financial data Treasury did reference, its response was incomplete and fragmentary. The Combined Statement data provides only annual aggregate figures. GAO's request sought transaction-level records, including "statements of account, ledger entries, transaction records," disbursement orders, payment vouchers, and records identifying the "source and amount of each deposit." Aggregate annual balances are a small and fragmentary subset of the universe of records described in Category 1 alone, to say nothing of Categories 2 through 5.

34.    5 U.S.C. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to

clarify with the requester issues regarding fee assessment, 5 U.S.C. § 552(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the request for information or clarification ends the tolling period.

35.     Defendant did not lawfully toll FOIA's 20-day requirement for a substantive response or "determination" as that term is defined in FOIA or binding caselaw, including *CREW v. FEC*, 711 F.3d at 188.

36.     Treasury has not provided GAO with the information required by *CREW v. FEC*. Instead, it has failed to address several categories of records requested, whether with a "no records" response or otherwise, merely directing GAO to a website containing aggregate summary data that addresses, at best, a fragment of one category of the five categories of records described in GAO's request.

37.     Treasury's June 9, 2026 denial of Plaintiff's administrative appeal states for the first time that "BFS has concluded that it has no additional records responsive to your request." Notably, the denial letter itself acknowledges that BFS "revisited those items which were not addressed in [its] response to [Plaintiff's] initial FOIA request," thereby conceding that Treasury's initial response failed to address the entirety of Plaintiff's request. That statement is erroneous both factually and legally: records clearly exist, as set forth in detail above. And Treasury cannot simultaneously manage the underlying account in compliance with the statute Congress passed without generating records.

38.     Defendant Treasury has yet to produce several classes of responsive records, including disbursement records, deposit records, correspondence, and internal memoranda and policies, which plaintiff states on information and belief exist and in Treasury's custody and/or control.

39.    Defendant Treasury has thereby failed to provide a lawful response to the request as submitted and failed to provide timely access to agency records, in violation of FOIA.

40.    To the extent Treasury has not made a lawful "determination" with respect to Plaintiff's FOIA request, it has forfeited or waived its right to assess fees for processing Plaintiff's request.

41.    Defendant Treasury has also failed to provide a determination on GAO's requests, made in the alternative, for fee reduction or waiver.

42.    Defendant Treasury's June 9, 2026, denial of Plaintiff's administrative appeal is itself deficient, consisting of a single conclusory statement that provides no explanation of the search conducted while claiming a subsequent search occurred in the face of acknowledging "items which were not addressed in [its] response to [Plaintiff's] initial FOIA request," identifies no offices or custodians searched, and offers no basis for its finding that no additional records exist.

**PLAINTIFF'S MAY 5, 2026 FOIA REQUEST**

43.    On May 5, 2026, Plaintiff GAO submitted through the FOIA.gov portal specifically created for the Bureau of the Fiscal Service and separately by electronic mail a request seeking copies of other correspondence pertaining to the same subject matter of the FJC, FJCF, and its relationship with the outside funder of "climate" seminars, Environmental Law Institute.

44.    Specifically, GAO sought copies of any correspondence, from June 1, 2018 to the present, between any email ending in @fiscal.treasury.gov that is also sent to, from or copies either of a specified email domain or a specified email address.

13

45.    Defendant Treasury has not responded to this request in any fashion, whatsoever, whether an acknowledgement or otherwise, other than the FOIA.gov portal assigning the confirmation number 2896161.

46.    Plaintiff made the same requests for fee waiver on the same bases.

## FIRST CLAIM FOR RELIEF

### Duty to Produce Records – Declaratory Judgment

47.    Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

48.    Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

49.    Plaintiff has a statutory right to the information it seeks, and Defendant has unlawfully withheld the information.

50.    Plaintiff is not required to further pursue administrative remedies.

51.    Plaintiff cannot be compelled to pay FOIA fees because Defendant has failed to timely make a determination with reference to Plaintiff's FOIA requests and its requests for a waiver of fees.

52.    Plaintiff is not required to pay any fees for production of the records it seeks, either because it is entitled to a fee waiver or because Defendant has forfeited its ability to assess fees as a result of its noncompliance with FOIA deadlines.

53.    Plaintiff asks this Court to enter a judgment declaring that:

   a. Plaintiff is entitled to records responsive to its FOIA requests described above, and any attachments thereto, but Defendant has failed to provide the records;

14

b.  Treasury's processing of Plaintiff's FOIA requests described above is not in accordance with the law, and does not satisfy Treasury's obligations under FOIA;

c.  Treasury must now produce records responsive to Plaintiff's requests, and must do so without cost to the Plaintiff.

## SECOND CLAIM FOR RELIEF

### Duty to Produce Records – Injunctive Relief

54.  Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

55.  Plaintiff is entitled to injunctive relief compelling Defendant to produce the records responsive to the FOIA requests described herein.

56.  Plaintiff is entitled to injunctive relief compelling Defendant to grant the Plaintiff's requests for a fee waiver. Alternatively, Plaintiff is entitled to an injunction, declaration, or other appropriate order prohibiting Defendant from assessing fees due to its noncompliance with FOIA deadlines.

57.  Plaintiff asks the Court to enter an injunction ordering Defendant to produce to Plaintiff, within 20 business days of the date of the order, the requested records sought in Plaintiff's FOIA requests described above, and any attachments thereto, at no cost to the Plaintiff.

58.  Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a Vaughn log

and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to Treasury's withholdings, if any, and any other remaining issues.

**THIRD CLAIM FOR RELIEF**

**Costs and Fees**

59.    Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

60.    Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

61.    This Court should enter an injunction or other appropriate order requiring the Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

**PRAYER FOR RELIEF**

Government Accountability & Oversight respectfully requests this Court:

a. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

b. Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested records, by failing to grant Plaintiff's requests for a fee waiver, and by failing to notify Plaintiff of final determinations within the statutory time limit;

c. Declare that the documents sought by the requests, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq.* and must be disclosed;

16

d.  Order Defendant to expeditiously provide the requested records to Plaintiff within 20 business days of the Court's order and without the assessment of any fees to the Plaintiff;

e.  Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

f.  Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 10th day of June, 2026,

GOVERNMENT ACCOUNTABILITY &
OVERSIGHT
By Counsel:

/s/ Matthew D. Hardin
Matthew D. Hardin
D.C. Bar No. 1032711
Hardin Law Office
101 Rainbow Drive # 11506
Livingston, TX 77399
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com