UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GOVERNMENT ACCOUNTABILITY &
OVERSIGHT,

     Plaintiff,

  v.

UNITED STATES DEPARTMENT OF
THE TREASURY,

     Defendant.

Civil Action No. 26-2058 (APM)

**PLAINTIFF'S MEMORANDUM IN PARTIAL OPPOSITION TO DEFENDANT'S FIRST PARTIAL CONSENT MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT**

**INTRODUCTION**

Plaintiff Government Accountability & Oversight does not oppose a reasonable first extension, and it has already agreed to one. When the parties conferred under Local Civil Rule 7(m), Plaintiff consented to a twenty-one-day extension, moving Treasury's deadline from July 13 to August 3, 2026. Treasury asks for nine days more, to August 12, 2026.

Plaintiff opposes only that increment, for a simple reason. Treasury was served on June 11, 2026. August 12 falls sixty-two days later. That is more than double the thirty days that Congress specifically prescribed for pleading to a FOIA complaint. 5 U.S.C. § 552(a)(4)(C). Treasury's only ground is that its counsel and the agency are busy, but there is nothing extraordinary about the cited workload or about this case. Under perfectly ordinary circumstances, it is not good cause to erase a deadline that Congress deliberately made short.

**BACKGROUND**

Plaintiff brought this suit under the Freedom of Information Act concerning two FOIA requests for records about a fund that Treasury maintains for the Federal Judicial Center Foundation. *See generally* ECF No. 1. Treasury was served through the United States Attorney's Office on June 11, 2026. ECF No. 6 at 1. Under FOIA, Treasury's answer or other responsive pleading was due thirty days later. 5 U.S.C. § 552(a)(4)(C). Because the thirtieth day, July 11, fell on a Saturday, the pleading is due Monday, July 13, 2026. Fed. R. Civ. P. 6(a)(1)(C).

Plaintiff consented to a twenty-one-day extension, to August 3, 2026, but no more. Treasury now moves under Rule 6(b) for thirty days, to August 12. Its stated grounds are that counsel faces "competing deadlines in many older, pending cases," that counsel needs time to review the Complaint and confer with the agency, and that Treasury requires "internal review of a responsive Court filing consistent with Department of Justice procedures." ECF No. 6 at 1–2. Treasury identifies no emergency, no unusual complexity, and no circumstance particular to this case. The "internal review" that Treasury must conduct in this case is the same as it must conduct in any other.

**ARGUMENT**

**I.      Congress Gave FOIA Defendants Thirty Days to Plead, and an Extension more than Doubling that Period Would Nullify Congressional Intent.**

A federal agency ordinarily has sixty days to respond to a Complaint. Fed. R. Civ. P. 12(a)(2). In FOIA, Congress displaces that ordinary rule and cut the timeline in half. 5 U.S.C. § 552(a)(4)(C). *See also Doshi v. Blinken*, Civil Action No. 23-3613 (RC), 2024 U.S. Dist. LEXIS 128386, at *21 (D.D.C. July 22, 2024). Congress cut the Government's time in half for a reason: FOIA cases are supposed to move quickly. "[D]isclosures delayed are FOIA rights denied." *Dalal*

*v. United States DOJ,* Civil Action No. 16-1040 (TJK), 2024 U.S. Dist. LEXIS 242196, at *24 (D.D.C. Dec. 31, 2024). That congressional judgment frames any request for more time.

If this Court grants Treasury's request for more than double the ordinary time to file responsive pleadings, the distinction Congress drew disappears. A statutory deadline that may be doubled for the asking is not a deadline at all.

More time requires "good cause shown." Fed. R. Civ. P. 6(b)(1). Whatever else good cause may mean, it cannot mean the ordinary conditions that Congress legislated against. Treasury offers competing deadlines in older cases, the need to review the Complaint and confer with the agency, and internal Department of Justice review. ECF No. 6 at 1–2. Every one of those features is present in every FOIA case. Congress set the thirty-day deadline for this same Government, fully aware of its docket. If routine workloads and procedures were good cause, the thirty-day deadline would never bind, and the exception would swallow the rule.

No feature that sets this case apart from the ordinary run of FOIA suits. Plaintiff does not question the professionalism or good faith of Treasury's counsel. Its objection is legal, and it is narrow. The consented-to date of August 3 is already fifty-three days after service and already gives Treasury significantly more time than it is statutorily entitled to. The dispute is not over a modest extension; it is over Treasury's request to more than double the ordinary statutory period.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant Defendant's motion only in part, extend Defendant's deadline to answer or otherwise respond to the Complaint to August 3, 2026, and deny any further extension.

Dated: July 10, 2026

Respectfully submitted,

<u>/s/ Matthew D. Hardin</u>
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
101 Rainbow Drive # 11506
Livingston, TX 77399
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com
*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this ___ day of July, 2026, I electronically filed the foregoing Memorandum in Opposition with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Matthew D. Hardin
Matthew D. Hardin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GOVERNMENT ACCOUNTABILITY &
OVERSIGHT,

     Plaintiff,

  v.

UNITED STATES DEPARTMENT OF
THE TREASURY,

     Defendant.

Civil Action No. 26-2058 (APM)

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendant's First Partial Consent Motion for Extension of

Time to Answer or Otherwise Respond to the Complaint, Plaintiff's Opposition thereto, and the

entire record herein, it is hereby:

ORDERED that the Motion is GRANTED IN PART and DENIED IN PART; and it is

further

ORDERED that the time for Defendant to answer or otherwise respond to the Complaint

is extended to, and including, August 3, 2026.

IT IS SO ORDERED.


SIGNED: _____


                        _____
                        AMIT P. MEHTA
                        United States District Judge