UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY,<br><br>    Defendant. | Civil Action No. 26-2058 (APM) |

## **ANSWER**

Defendant, the United States Department of the Treasury ("Defendant" or "Treasury"), by and through undersigned counsel, hereby responds to the Complaint (ECF No. 1) filed by Government Accountability & Oversight ("Plaintiff") alleging violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other action; or (c) admissible in this, or any other, action.  Defendant expressly denies all allegations in the Complaint including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer.  When a textual sentence is followed by a citation or citations, the textual sentence and its accompanying citation(s) are referred to as one sentence. Any allegation of the Complaint that is not specifically admitted or otherwise directly responded to is denied.

Defendant responds to the Complaint in like numbered paragraphs as follows:

1.      This paragraph contains Plaintiff's characterization of this action, to which no response is required.  To the extent a response is deemed required, Defendant admits that this is an action under the Freedom of Information Act and that Plaintiff is seeking records pertaining to the Federal Judicial Center Foundation ("Foundation").  Defendant denies the remaining allegations in this paragraph.  As for the footnote on page one of Plaintiff's Complaint, those allegations contain conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in the footnote.

2.      This paragraph contains conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

3.      This paragraph contains Plaintiff's characterization of this action, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.  Defendant avers that Plaintiff voluntarily dismissed the civil action at Civ. A. No. 26-1811 (APM) on July 9, 2026.

## PARTIES [1]

4.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

5.      Regarding the first sentence of this paragraph, Defendant admits that it is a federal agency within the meaning of the FOIA.  The second sentence of this paragraph—that Defendant

---

[1]      For ease of reference, Defendant's Answer hereafter replicates the headings contained in the Complaint.  Although Defendant believes that responses to headings in the Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

has possession, custody, and control of records responsive to Plaintiff's FOIA requests—consists of legal conclusions to which no response is required; to the extent a response is deemed required, Defendant denies.  Defendant admits the third sentence of this paragraph, that Defendant's headquarters are located in the District of Columbia.

## JURISDICTION AND VENUE

6.      This paragraph does not contain allegations of fact but rather conclusions of law regarding jurisdiction, to which no response is required.  To the extent a response is deemed required, Defendant admits that this Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of the FOIA.

7.      This paragraph does not contain allegations of fact but rather conclusions of law regarding venue, to which no response is required.  To the extent a response is deemed required, Defendant admits that venue lies in this judicial district for a proper claim under FOIA.

8.      This paragraph does not contain allegations of fact but rather conclusions of law regarding administrative exhaustion, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

9.      This paragraph does not contain allegations of fact but rather conclusions of law regarding administrative exhaustion, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

10.      Defendant admits only that Plaintiff filed an administrative appeal  dated May 7, 2026, and that Treasury responded to this appeal on June 9, 2026.   Defendant respectfully refers the Court to the appeal document for a complete and accurate statement of its contents, and denies any allegations in this paragraph inconsistent therewith.

## BACKGROUND

11.     The allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required Defendant denies the allegations of this paragraph.  Footnote two attached to this paragraph refers to contents on a website, and Defendant respectfully refers the Court to the website for a complete and accurate statement of its contents, and denies any allegations in footnote two inconsistent therewith.

12.     The allegations of this paragraph consist of conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny.  Defendant admits only that the Foundation may keep funds in an account held within the United States Treasury.  Footnote three contains allegations that consist of conclusions of law to which no response is required and, to the extent a response is deemed required, Defendant denies the allegations of footnote three.

13.     This paragraph does not contain allegations of fact but rather conclusions of law regarding the responsiveness of hypothetical records to a FOIA request, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

14.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph.

15.     This paragraph does not contain allegations of fact but rather conclusions of law regarding the responsiveness of hypothetical records to a FOIA request, to which no response is

required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

16.     The first and second sentences of this paragraph do not contain allegations of fact but rather conclusions of law to which no response is required. The third, fourth, and fifth sentences of this paragraph consist of references to external documents, and Defendant respectfully refers the Court to those documents for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

17.     The allegation of this paragraph about whether a record would be "responsive" to Plaintiff's FOIA requests consists of a legal conclusion to which no response is deemed required. To the extent a response is deemed required, Defendant denies the allegations of this paragraph. Defendant further avers that the Federal Judicial Center has non-Treasury disbursing office (NTDO) authority, meaning that it can disburse funds from the account on its own, as opposed to needing to submit a payment certification to a Treasury disbursing officer.

18.     The first sentence of this paragraph purports to restate an excerpt from a statute, and Defendant proffers that the contents of that statute speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the second sentence of this paragraph.  The third sentence of this paragraph contains a mixture of conclusions of law to which no response is required and allegations that Defendant denies.  The last sentence of this paragraph contains conclusions of law that require no response. To the extent

that a response is deemed necessary to that or any of the sentences in this paragraph that Defendant has not already denied, Defendant denies the allegations therein.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

## PLAINTIFF'S APRIL 22, 2026 FOIA REQUEST

20. Defendant admits that it received a FOIA request from Plaintiff dated April 22, 2026, through the FOIA.gov portal. Defendant respectfully refers the Court to this FOIA request for a complete and accurate statement of its contents, and denies any allegations in this paragraph inconsistent therewith.

21. This paragraph consists of Plaintiff's characterization of its FOIA request to which no response is required. Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents, and denies any allegations in this paragraph inconsistent therewith.

22. This paragraph consists of Plaintiff's characterization of its FOIA request to which no response is required. Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents, and denies any allegations in this paragraph inconsistent therewith.

## TREASURY'S RESPONSE

23. Defendant admits only that it responded to Plaintiff's FOIA request on May 4, 2026, and that its response included the quote attributed to Treasury. However, Defendant further avers that, for the sake of clarity, that its response dated May 4, 2026, included tables and/or charts where Plaintiff has indicated "[EXCERPTED IMAGE OMITTED]" in its Complaint.

24. This paragraph contains Plaintiff's characterization of Defendant's response to the

FOIA request and a public website, to which no response is required. Defendant respectfully refers the Court to the response to the FOIA request and the website for a complete and accurate statement of their contents, and denies any allegations inconsistent therewith.

25. Defendant admits that its FOIA response contained the quote in the first sentence of this paragraph attributed to Defendant, and that Defendant received correspondence from Plaintiff dated May 5, 2026. The remainder of this paragraph consists of Plaintiff's characterization of Treasury's FOIA response or purports to restate portions of Plaintiff's correspondence, to which no response is required. Defendant respectfully refers the Court to Plaintiff's correspondence for a complete and accurate statement of its contents, and denies any allegations in this paragraph inconsistent therewith.

26. Defendant admits that it sent correspondence to Plaintiff dated May 6, 2025, and that correspondence contained the quote attributed to Treasury. Defendant respectfully refers the Court to the correspondence for a complete and accurate statement of its contents, and denies any allegations in this paragraph inconsistent therewith.

27. The allegations of this paragraph contain Plaintiff's characterization of Treasury's FOIA response and conclusions of law, both of which do not require a response. To the extent that a response is deemed required, Defendant denies the remaining allegations of this paragraph.

28. Defendant admits only that it received an administrative appeal from Plaintiff dated May 7, 2026. The rest of the first sentence of this paragraph contains Plaintiff's restatement and/or characterization of Plaintiff's administrative appeal, which requires no response. Defendant respectfully refers the Court to the administrative appeal for a complete and accurate statement of its contents, and denies any allegations in this paragraph inconsistent therewith. Defendant admits the second sentence of this paragraph. Regarding the third sentence, Treasury

admits only that it responded to Plaintiff's appeal on June 9, 2026, and avers that its response stated that it concluded that it had no additional records responsive to Plaintiff's request. Footnote four attached to this paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent a response to footnote four is deemed required, Defendant denies.

<u>**TREASURY'S FAILURE TO MAKE A DETERMINATION**</u>

29. This paragraph consists of a conclusion of law to which no response is required. Defendant proffers that the statute referenced by Plaintiff in this paragraph speaks for itself.

30. This paragraph consists of a conclusion of law  to which no response is required. Defendant proffers that the case referenced by Plaintiff in this paragraph speaks for itself.

31. The first two sentences of this paragraph consist of Plaintiff's characterization of Treasury's FOIA response and conclusions of law, which require no response. The third sentence consists of Plaintiff's characterization of Treasury's FOIA response, to which no response is required. Defendant proffers that the contents of the response speak for themselves. To the extent that a response is deemed required, Defendant denies the allegation in this paragraph.

32. The first two sentences of this paragraph consist of Plaintiff's characterization of Treasury's FOIA response, which requires no response.  Defendant proffers that the contents of the response speak for themselves.  The remainder of this paragraph consists of conclusions of law, which require no response.  To the extent that a response is deemed necessary, Defendant denies the allegations in this paragraph.

33. This paragraph consists of Plaintiff's characterization of its FOIA request and Treasury's response, which requires no response. Defendant respectfully refers the Court to the FOIA request and Treasury's response for a complete and accurate statement of their contents,

and denies any allegations in this paragraph inconsistent therewith.  To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

34.     This paragraph consists of conclusions of law which require no response. Defendant proffers that the statutes cited by Plaintiff speak for themselves.

35.     This paragraph consists of conclusions of law which require no response.  To the extent that a response is deemed necessary, Defendant denies the allegations in this paragraph.

36.     This paragraph consists of conclusions of law, and characterizations of Treasury's FOIA response, both of which require no response.  To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

37.     Defendant admits only that it responded to Plaintiff's administrative appeal on June 9, 2026, and that its response included the quote attributed to Treasury.  Defendant respectfully refers the Court to Defendant's response to the administrative appeal for a complete and accurate statement of its contents, and denies any allegations in this paragraph inconsistent therewith.  The remainder of this paragraph consists of conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies the remaining allegations in this paragraph.

38.     The allegations of this paragraph consist not of allegations of fact, but rather conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies.

39.     The allegations of this paragraph consist not of allegations of fact, but rather conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies.

40.     The allegations of this paragraph consist not of allegations of fact, but rather

conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies.

41.    Defendant denies the allegations in this paragraph.

42.    This paragraph consists of Plaintiff's characterization of Treasury's FOIA appeal response and conclusions of law, both of which require no response.  Defendant respectfully refers the Court to Defendant's response to the administrative appeal for a complete and accurate statement of its contents, and denies any allegations in this paragraph inconsistent therewith.  To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

## PLAINTIFF'S MAY 5, 2026 FOIA REQUEST

43.    Defendant admits only that it received a FOIA request from Plaintiff dated May 5, 2026, through the FOIA.gov portal.  The remaining allegations of this paragraph consist of Plaintiff's characterization of its FOIA request, which requires no response.  Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents, and denies any allegations in this paragraph inconsistent therewith.

44.    This paragraph consists of Plaintiff's characterization of its FOIA request, which requires no response.  Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents, and denies any allegations in this paragraph inconsistent therewith.

45.    Defendant admits that it has not yet responded to this FOIA request.  Defendant avers that the FOIA request has been assigned FOIA No. 2026-FSF-00376 and is currently being processed.

46.    This paragraph consists of Plaintiff's characterization of its FOIA request, which requires no response.  Defendant respectfully refers the Court to Plaintiff's FOIA request for a

complete and accurate statement of its contents, and denies any allegations in this paragraph inconsistent therewith.

## FIRST CLAIM FOR RELIEF

### Duty to Produce Records – Declaratory Judgment

47. Defendant hereby incorporates by reference its responses to each of the foregoing paragraphs, supra, as if fully restated herein.

48. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

49. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

50. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

51. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

52. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

53. The allegations of this paragraph, including subsections (a), (b), and (c) of this paragraph, consist of Plaintiff's prayer for relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested in this paragraph, including subsections (a), (b), and (c) of this paragraph, or elsewhere in the Complaint.

## SECOND CLAIM FOR RELIEF

### Duty to Produce Records – Injunctive Relief

54.     Defendant hereby incorporates by reference its responses to each of the foregoing paragraphs, supra, as if fully restated herein.

55.     This paragraph consists of Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

56.     The allegations of this paragraph consist of Plaintiff's prayer for relief to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested in this paragraph, or elsewhere in the Complaint.

57.     The allegations of this paragraph consist of Plaintiff's prayer for relief to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested in this paragraph, or elsewhere in the Complaint.

58.     The allegations of this paragraph consist of Plaintiff's prayer for relief to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested in this paragraph, or elsewhere in the Complaint.

## THIRD CLAIM FOR RELIEF

### Costs and Fees

59.     Defendant hereby incorporates by reference its responses to each of the foregoing paragraphs, supra, as if fully restated herein.

60.     This paragraph consists of Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

61.     The allegations of this paragraph consist of Plaintiff's prayer for relief to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff

is entitled to the relief requested in this paragraph, or elsewhere in the Complaint.

## PRAYER FOR RELIEF

The allegations in this section, including subparagraphs (a) through (f) of this section, consist of Plaintiff's prayer for relief to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested in this section, including subparagraphs (a) through (f) of this section, or elsewhere in the Complaint.

Pursuant to Rule 8(b)(3) Defendant asserts a general denial of all allegations not otherwise admitted to herein.

## DEFENSES

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Amended Complaint become known to Defendant through the course of the litigation.  Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

### FIRST DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.  5 U.S.C. § 552.

### SECOND DEFENSE

Plaintiff is not entitled to compel the production or release of information that is protected from disclosure by one or more statutory exemptions or exclusions.  5 U.S.C. § 552(b).

- 13 -

**THIRD DEFENSE**

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**FOURTH DEFENSE**

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

**FIFTH DEFENSE**

Plaintiff is not entitled to declaratory relief.  5 U.S.C. § 552(a)(4)(B).

**SIXTH DEFENSE**

Defendant has not improperly withheld records requested by Plaintiff under the FOIA.

**SEVENTH DEFENSE**

Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

\*        \*        \*

- 14 -

**EIGHTH DEFENSE**

Defendant has exercised due diligence in processing Plaintiff's FOIA requests and exceptional circumstances exist that necessitate additional time for Defendant to continue its processing of Plaintiff's FOIA requests.  5 U.S.C. § 552(a)(6)(C).

Dated: August 12, 2026
        Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:　　　　*/s/ Mason D. Bracken*　　　
　　　MASON D. BRACKEN
　　　Assistant United States Attorney
　　　601 D Street, NW
　　　Washington, DC 20530
　　　(202) 252-2523
　　　mason.bracken@usdoj.gov

*Attorneys for the United States of America*

- 15 -