UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY AND OVERSIGHT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY,<br><br>Defendant. | Civil Action No. 26-2058 (APM) |

**JOINT STATUS REPORT**

Pursuant to the Court's Order dated August 13, 2026, Plaintiff Government Accountability and Oversight and Defendant United States Department of the Treasury ("Treasury"), by and through undersigned counsel, respectfully submit the Parties' first joint status report.

This case concerns Plaintiff's Freedom of Information Act ("FOIA") requests for records submitted dated April 22, 2026, and May 5, 2026. *See* Compl. (ECF No. 1). Treasury's Bureau of the Fiscal Service ("BFS") received these FOIA requests from Plaintiff on those dates, and assigned them FOIA Nos. 2026-FSF-00350 and 2026-FSF-00376, respectively.

The Parties' counsel have conferred and submit that the status of Plaintiff's FOIA requests is as follows.

**Defendant's report as to FOIA No. 2026-FSF-00350 (April 22, 2026):**

BFS reports that it processed Plaintiff's FOIA request No. 2026-FSF-00350. On May 4, 2026, Defendant responded by letter to Plaintiff regarding this request. For this response, BFS conducted a search of its systems that it reasonably believed may contain responsive records, and

located an account that it believed may be responsive to Plaintiff's request. The summary of activity in this account appears in the Treasury's annual *Combined Statement of Receipts, Outlays, and Balances of the United States Government* ("Combined Statement"). A collection of the annual Combined Statements is available online, found at https://fiscal.treasury.gov/accounting/combined-statement-of-receipts. Despite these records being publicly available, in an effort to assist Plaintiff in locating the information that it sought, BFS included in its response to Plaintiff excerpts from the most recent Combined Statement that it thought may be pertinent to Plaintiff's request. Fiscal Service located no additional records in its accounting systems that appeared to be responsive.

On May 11, 2026, BFS received an administrative appeal from Plaintiff regarding 2026-FSF-00350, which was assigned FOIA Appeal No. 2026-FSA-00030. BFS again conducted an inquiry with its accounting program area to see if it could locate additional records that may be responsive to the request. The result of this additional inquiry was negative, and BFS responded to the administrative appeal on June 9, 2026, informing Plaintiff as such.

BFS reports that it does not expect that there will be additional records in its custody or control responsive to 2026-FSF-00350. Upon further examination of the account that was located and brought to Plaintiff's attention in BFS's initial response, it appears this account is not for the Federal Judicial Center Foundation ("FJC Foundation"), about which Plaintiff's FOIA request pertains. Rather, it appears to be an account held in the U.S. Treasury for the Federal Judicial Center ("FJC") – a distinct organization from the FJC Foundation. Plaintiff's FOIA request seeks account information about the FJC Foundation, not the FJC. BFS has not located an account held in the U.S. Treasury for the FJC Foundation, and at this time believes that it has no records responsive to the Plaintiff's April 22, 2026, request.

In an effort to fully exercise due diligence, BFS reports that, on August 14, 2026, and September 1, 2026, it communicated with the Deputy Director of the FJC, seeking clarification regarding the account, what information pertaining to the account the FJC would have submitted to BFS, and whether there may be an additional account held in the U.S. Treasury for the FJC Foundation. BFS will provide an update to the Plaintiff pertaining to this information subsequent to receiving a response from the FJC and any further inquiry based on that response.

**Plaintiff's Position Regarding FOIA No. 2026-FSF-00350:**

At the present time, Plaintiff's position is that Treasury has not established an adequate search. BFS reports searches only of "its accounting systems" and an inquiry to "its accounting program area." Item 4 of the April 22 request expressly seeks correspondence between BFS or any other Treasury component and the FJC, the FJC Director, or a member of the FJC Foundation's Board concerning the Foundation's account. Item 5 seeks internal memoranda, policies, procedures, and guidelines governing that account. Those records may reside in email systems, correspondence files, policy files, legal files, or Treasury offices outside the accounting program area. Treasury should identify each system and office searched, each custodian consulted, and the search terms used. It should also search the locations reasonably likely to contain the correspondence and policy records that the request expressly describes.

BFS's failure as yet to locate an account under the FJC Foundation's name is statutorily implausible. Congress directed that "[g]ifts of money and proceeds from sales of other property received as gifts shall be deposited in a separate fund in the Treasury of the United States." 28 U.S.C. § 629(d).

**Defendant's report as to FOIA No. 2026-FSF-00376 (May 5, 2026)**

BFS reports that it is currently processing Plaintiff's FOIA request dated May 5, 2026. It appears that Fiscal Service's FOIA program inadvertently did not send an acknowledgement letter to Plaintiff regarding this request. However, after receiving the request, in May the FOIA program instructed BFS's information technology staff to conduct a search of BFS's email system for any messages meeting the criteria outlined in Plaintiff's FOIA request number 2026-FSF-00376. The information technology staff subsequently returned the results of that search, which consisted of a total of 475 emails. BFS's FOIA program personnel are currently working to convert these emails to a format in which the Fiscal Accounting and any other impacted substantive program areas can conduct a review of these materials, including making redactions that may be necessary.

BFS expects that it will be able to provide these emails, converted into the proper format for review and potential redaction, to the substantive program area(s) in approximately two weeks. Once the substantive program area(s) has/have received the materials, BFS will be able to provide an estimate of how much time will be needed to conduct the review to process for production of responsive, non-exempt records. At this time, BFS does not know how many substantive program areas will be impacted by this review, how many custodians will be required participate in the review, and how many pages these 475 emails comprise (including whether any of the messages are duplicates), and how many of these messages may require referral or consultation, so any estimate would be premature until the substantive area(s) conducting the review provide an estimate.

**Next Steps**

At this time, Defendants do not seek or plan to seek a stay of proceedings pursuant to 5 U.S.C. § 552(a)(6)(C), and *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976). Defendants reserve the right to request such a stay at a later time.

Considering that the Parties' discussions continue, the Parties do not at this time propose a briefing schedule on any dispositive motions.

Defendant proposes that the Court permit the parties to submit another joint status report in ninety days, on December 2, 2026.

Plaintiff proposes that the next joint status report be due in thirty days. That report should identify the status of BFS's inquiry to the FJC and Treasury's further search efforts concerning FOIA No. 2026-FSF-00350.

Dated: September 3, 2026
Washington, D.C.

Respectfully submitted,

By: */s/ Matthew D. Hardin*
Matthew D. Hardin, DC. Bar #1032711
Hardin Law Office
101 Rainbow Drive # 11506
Livingston, TX 77399
(202) 802-1948
MatthewDHardin@gmail.com

*Counsel for Plaintiff*

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Mason D. Bracken*
MASON D. BRACKEN
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-2523
mason.bracken@usdoj.gov

*Attorneys for the United States of America*