UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY AND OVERSIGHT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY,<br><br>Defendant. | Civil Action No. 26-2058 (APM) |

**JOINT STATUS REPORT**

Pursuant to the Court's Order dated September 3, 2026, Plaintiff Government Accountability and Oversight and Defendant United States Department of the Treasury ("Treasury"), by and through undersigned counsel, respectfully submit the Parties' second joint status report.

This case concerns Plaintiff's Freedom of Information Act ("FOIA") requests for records submitted dated April 22, 2026, and May 5, 2026. *See* Compl. (ECF No. 1). Treasury's Bureau of the Fiscal Service ("BFS") received these FOIA requests from Plaintiff on those dates, and assigned them FOIA Nos. 2026-FSF-00350 and 2026-FSF-00376, respectively.

The Parties' counsel have conferred and submit that the status of Plaintiff's FOIA requests is as follows.

**Defendant's report as to FOIA No. 2026-FSF-00350 (April 22, 2026):**

As previously reported, BFS does not expect that there will be additional records in its custody or control responsive to FOIA No. 2026-FSF-00350. Upon further examination of the account that was located and brought to Plaintiff's attention in BFS's initial response, it appears

this account is not for the Federal Judicial Center Foundation ("FJC Foundation"), about which Plaintiff's FOIA request pertains. Rather, it appears to be an account held in the U.S. Treasury for the Federal Judicial Center ("FJC") – a distinct organization from the FJC Foundation. Plaintiff's FOIA request seeks account information about the FJC Foundation, not the FJC. BFS has not located an account held in the U.S. Treasury for the FJC Foundation, and at this time believes that it has no records responsive to the Plaintiff's April 22, 2026, request.

In an effort to fully exercise due diligence, BFS reports that, on August 14, 2026, and September 1, 2026, it communicated with the Deputy Director of the FJC, seeking clarification regarding the account, what information pertaining to the account the FJC would have submitted to BFS, and whether there may be an additional account held in the U.S. Treasury for the FJC Foundation.

Since that time, the Deputy Director of the FJC has confirmed that she is not aware of any account held in the U.S. Treasury for the FJC Foundation (as opposed to the FJC itself). She also confirmed that she would not expect Treasury to have transaction-level information from the FJC, because the FJC's payment activity is done through the Administrative Office of the U.S. Courts payment/budget office. To continue its efforts to fully exercise due diligence, Treasury is conducting a search of its records to determine what documentation it receives from the Administrative Office of the U.S. Courts, and will report on its findings once that search is complete. However, based on what Treasury has determined thus far, it appears unlikely that it will have any records pertaining to an account for the JFC Foundation held in the U.S. Treasury, as was requested by Plaintiff in its FOIA request, because it does not seem that such an account exists.

**Defendant's report as to FOIA No. 2026-FSF-00376 (May 5, 2026)**

As previously reported, BFS is currently processing Plaintiff's FOIA request dated May 5, 2026. It appears that Fiscal Service's FOIA program inadvertently did not send an acknowledgement letter to Plaintiff regarding this request. However, after receiving the request, in May the FOIA program instructed BFS's information technology staff to conduct a search of BFS's email system for any messages meeting the criteria outlined in Plaintiff's FOIA request number 2026-FSF-00376. The information technology staff subsequently returned the results of that search, which consisted of a total of 475 emails.

BFS now reports that BFS's FOIA program personnel worked to convert these emails to a format in which the impacted substantive program areas can conduct a review of these materials, including making redactions that may be necessary.

BFS has since identified three substantive program areas that would be impacted by the review of the 475 emails, and began divvying up and preparing those emails to be provided to each of the appropriate program areas to conduct its substantive review. In the process of doing so, the BFS FOIA program determined that a significant quantity of the 475 emails initially identified as responsive were instead false positive responses captured by the initial search used to locate potentially responsive materials, and subsequently worked to remove those false positives. The remaining emails were then provided to the three program areas for substantive review. As of November 2, 2026, one of those three program areas has returned the responsive emails provided to them with proposed redactions. The FOIA program is currently reviewing those proposed redactions to ensure that they are justifiable. The FOIA program has also asked the other two program areas to provide their proposed redactions as soon as possible, or to provide by the end of the week (*i.e.*, November 6th) an estimate of when they will be able to do so. Once the FOIA

program receives these proposed redactions and reviews then to ensure that they are justifiable, BFS will provide the responsive materials with appropriate redactions to Plaintiff.

**Plaintiff's position:**

For the reasons set forth in the prior report, Plaintiff does not accept Defendant's positions as set forth above as to the existence or status of documents and believes that this case is likely ripe for summary judgment briefing now. Plaintiff anticipates proposing a schedule for dispositive briefing in the next JSR if the parties are not able to resolve their differences sooner. Plaintiff notes that the Government apparently maintains its position from the last Joint Status Report, with no substantial change in the posture of this case. Plaintiff is happy to confer as soon as the government has new information to report.

**Next Steps:**

The parties propose that the Court permit the parties to submit another joint status report in ninety-one days, on February 1, 2027. In advance of proposing any briefing schedule, Defendant invites Plaintiff to meet and confer so that the parties may narrow (or eliminate) any issues in dispute without the need for Court intervention. Plaintiff has requested Defendant reach out as soon as it believes this matter is ripe for further conferral, as set forth more fully above.

Dated: November 2, 2026
Washington, D.C.

By: */s/ Matthew D. Hardin*
Matthew D. Hardin, DC. Bar #1032711
Hardin Law Office
101 Rainbow Drive # 11506
Livingston, TX 77399
(202) 802-1948
MatthewDHardin@gmail.com

*Counsel for Plaintiff*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Mason D. Bracken*
MASON D. BRACKEN
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-2523
mason.bracken@usdoj.gov

*Attorneys for the United States of America*